IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

MARION JOE POTEET                                                    PLAINTIFF

v.                          No. 3:11-cv-189-DPM

ARKANSAS METHODIST HOSPITAL CORP.,
d/b/a ARKANSAS METHODIST HOSPITAL;
JOHN WILSON, M.D., individually and in his
official capacity; DAN LANGSTON, individually
and in his official capacity; JOHN DOES 1-10,
individually and in their official capacities; and
JOHN DOE 11                                                          DEFENDANTS

ORDER

Poteet has sued various persons and entities he alleges are responsible for harm he suffered after a jailhouse fight. Dr. John Wilson evaluated Poteet in the emergency room; he moves to dismiss some of Poteet's claims. Dr. Wilson says that EMTALA does not create a private cause of action against a physician. Further, Dr. Wilson argues that Poteet's complaint does not plausibly suggest that Wilson was a "state actor" for purposes of the Arkansas Civil Rights Act and 42 U.S.C. § 1983. Poteet concedes he has no EMTALA claim against Wilson. *Document No. 18.* What about the other

claims?

Poteet's complaint is this: Wilson determined that Poteet needed to be med-flighted to Memphis. A Greene County deputy heard this. Then Poteet's bond was reduced to recognizance so the County could avoid paying the transport costs. Finally, "[u]pon hearing that [Poteet] had been released from the Sheriff's custody, [Dr. Wilson], acting under the policy and practice of Arkansas Methodist Hospital, refused to med-flight [Poteet] to Memphis, since [Poteet] could not pay." *Document No. 1, at 2*. Dr. Wilson contends this does not plausibly suggest he was a state actor. Poteet disagrees. In the alternative, Poteet argues in the briefing that Dr. Wilson aided and abetted a constitutional violation. *Document No. 18*.

A complaint must state more than "facts that are merely consistent with a defendant's liability[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). Poteet's § 1983 and ACRA claims fail under this standard. "[T]o survive a motion to dismiss, . . . a plaintiff seeking to hold a private party liable under § 1983 must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993). Dr. Wilson's

-2-

actions may be consistent with an intentional deprivation of Poteet's constitutional rights. But more needs to be pleaded to move the claim from the possible to the plausible.

Moreover, the Court agrees that the complaint cannot fairly be read to contain any civil rights allegations against Dr. Wilson. The closest Poteet comes is his allegation—in the EMTALA count—that "[E]ach doctor discharged Plaintiff not because of his medical judgment but because the hospital has a policy of discharging indigent prisoners brought to them under the circumstances presented to them here." *Document No. 1, at ¶21*. Nor does Poteet's complaint allege that Wilson had the intent necessary to make him a state actor.

Poteet's arguments in resisting dismissal move well beyond the complaint. They look like good arguments. But he needs to amend his pleading to give Dr. Wilson fair notice of the material factual allegations and specify the legal claims. The Court understands that all good lawyers are busy. But this complaint needs fleshing out.

\* \* \*

Motion to dismiss, *Document No. 15*, granted. Poteet's EMTALA claim

is dismissed with prejudice by agreement. His ACRA and § 1983 claims are dismissed without prejudice with leave to amend and clarify. The case would benefit from more particularity. By 8 June 2012, Poteet must file an amended complaint. For each group of facts Poteet believes to be actionable, he should plead (1) which named defendants harmed him; (2) which common-law or statutory cause of action makes those defendants liable; (3) how those facts fit the elements of the cause of action; and (4) how Poteet was damaged by the alleged violation.

So Ordered.

*D.P. Marshall Jr.*
United States District Judge

17 May 2012